# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEL-ONE FCU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. N25L-10-055 FJJ |
| GODSPEED TRANSPORT, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| ALEXANDER SINAI, Trustee of | ) | |
| SINAI FAMILY TRUST u/t/a | ) | |
| Dated 07/05/2023, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: July 9, 2026
Decided: July 21, 2026

## OPINION AND ORDER
*Upon Defendants' Motion for New Trial Pursuant to*
*Delaware Superior Court Civil Rule 59 and in the Alternative,*
*Motion for Relief from Judgment Pursuant to Rule 60(b)*

## DENIED

*William J. Kassab, Esquire,* Wilmington, Delaware, *Attorney for Plaintiff.*

*Mr. Alexander Sinai,* Wilmington, Delaware, *Pro-Se.*

**Jones, J.**

1

This is a mortgage foreclosure action initiated by Del-One FCU against Godspeed Transport, LLC and Alexander Sinai, Trustee of Sinai Family Trust u/t/a Dated 07/05/2023 ("Sinai"). A default judgment was entered against Godspeed Transport, LLC ("Godspeed") due to Godspeed's failure to obtain counsel and file a responsive pleading to the complaint. Mr. Sinai and his wife signed personal guarantees for the underlying loan. Mr. Sinai disputed Del-One's entitlement to damages. The Court held a bench trial on June 24, 2026. Even though he was not a party, the Court allowed Mr. Sinai to participate in the trial and gave him a full opportunity to present whatever defenses he wanted to present. Mr. Sinai presented a vigorous defense.

The primary disputes at trial were whether the mortgage loan was part of the Delaware Capital Access Program ("DCAP") and, if so, the amount of damages to which Del-One was entitled. Following the trial the Court issued an order in favor of Del-One. The Court found that the mortgage loan and note in question were in fact part of the DCAP program and that Del-One's damages were $220,839.14 with $46.85 in interest accruing per diem moving forward. The Court granted Del-One's request for foreclosure and judicial sale.

Mr. Sinai have moved for a new trial pursuant to Delaware Rule of Civil Procedure 59 and, in the alternative, Motion for Relief from Judgment Pursuant to Rule 60(b).

Rule 59 authorizes the Court to grant a new trial where its findings are against the great weight of the evidence, where controlling legal principles or material evidence has been overlooked, where findings are unsupported by competent evidence, or where reconsideration is necessary to prevent manifest injustice.[1]

Mr. Sinai's primary argument under Rule 59 is that the Court's decision was against the weight of the evidence and that the Court erred in making a credibility determination based on arguments that Mr. Sinai made, which he contends were appropriate legal and factual disputes.

Del-One called John Chartland as its witness. Chartland is Del-One's chief banking officer. Chartland testified that the underlying loan was part of the DCAP program and Del-One would never have made the loan had it not been part of the DCAP program. During cross examination, Mr. Sinai was able to point out that the bank never produced any documents from DCAP confirming Godspeed's acceptance into the DCAP for this loan. Despite having not produced this document Chartland was clear that the instant loan was part of the DCAP program. As the finder of fact, I had to reconcile the testimony of Charland with Mr. Sinai's argument.

---

[1] Del. Super. Ct. Civ. R. 59; *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979); *McCloskey v. McKelvey*, 174 A.2d 691, 693 (Del. Super. Ct. 1961); *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. Ct. 2016) (discussing the circumstances in which a motion under Del. Super. Ct. Civ. R. 59 will be granted).

This Court's standard jury instruction on the judging the credibility of witnesses provides as follows:

> You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.[2]

The Court had an opportunity to observe the demeanor of both Mr. Chartland and Mr. Sinai. Plaintiff presented the documents signed by the representatives of Godspeed (Mr. and Mrs. Sinai) indicating that the loan was part of DCAP. I reached a factual conclusion that the loan was part of the DCAP program. In essence, the Court found Chartland to be credible. Contrary to Mr. Sinai's argument, that decision was not against the great weight of the evidence and was supported by the evidence, albeit evidence that Mr. Sinai disagreed with.

Once I reached that conclusion, the issue then became the amount of damages that Del-One was entitled to recover. (The exact amount of the damages to which Del-One is entitled from any potential entity will not be known until after the Sheriff's sale is finalized).

---

[2] Del. Civ. Pattern Jury Instructions, § 23.9 – Credibility of Witnesses – Conflicting Testimony (2025).

4

Del-One presented documents in support of its damage claim. Some of those documents were inconsistent. As an example, the loan was not disbursed until July 17, 2024, and the documents indicated that interest accrued starting July 16, 2024. Del-One's witness acknowledged the error and made it clear that the defendants were entitled to a credit of $47.22, which I eventually incorporated into the damage award. Another example was that there were various default letters sent by Del-One to the defendant and the Sinais which indicated different amounts that were needed to bring the loan current. Chartland explained that the reason for the different amounts was that the various letters calculated the amounts to a different end date.

Mr. Sinai also had issues with the transaction history submitted by Del-One. There were items on the transaction history that were not amounts owed by the defendants but were internal bank numbers showing the actual accounting for the loan's deferred cost or cost disbursements. As explained by Chartland, these are costs that no one incurs on the loans but the accounting rules, or standardized code, requires that Del-One recognize these costs which are Del-One's expense to originate the loan. While the explanation clearly did not satisfy Mr. Sinai, it satisfied the Court and had no impact on the amount owed by the defendant to Del-One.

In assessing the credibility of witnesses and the positions of the parties this Court is permitted, as demonstrated by the pattern jury instruction, to assess a host of factors including any fact or circumstance that effects the credibility of the testimony. This Court point blank asked Mr. Sinai about whether the loan proceeds were ever received and he responded in a less than credible manner. When asked similar questions about any payments made by or on behalf of the defendant or the Sinais, either directly or indirectly, Mr. Sinai's testimony was clear that no payments were made. That was simply not the case. Contrary to Mr. Sinai's assertions, this Court is free to consider these statements in its determination of the credibility issues that it had to address.

Were there inconsistencies is the documents? Clearly there were but as demonstrated herein those inconsistencies were explained to the Court's satisfaction by Del-One. Even if they were not explained to the Court's satisfaction the Court was able, after it was advised as to the terms of the loan and the charges for late fees, to do the math on its own (giving the defendant the benefit of the doubt as to any credits or payments applied even though Mr. Sinai denied any payments were made) to determine what was due. The Court's calculations were consistent with Del-One's calculations.

The bottom line here is Godspeed defaulted on the loan for failure to pay. As the Court has rejected the argument regarding DCAP, the only issue was what

6

was owed. There is more than substantial evidence to support the Court's conclusion on the amount owed. The Court's findings are supported by the record, the Court did not overlook any controlling legal principles, and the Court resolved the factual issues presented.

Mr. Sinai also seeks relief under Rule 60(b). The basis for this request for relief under Rule 60(b) is his assertion that at some point during the hearing the Court made the following statement: "I know how this is going to turn out." According to Mr. Sinai, this statement demonstrated that the Court had already predetermined the case before he had fully presented the evidence.

This Court and staff separately listened to the audio recording of the June 24, 2026 proceedings. Nowhere on the recording is such a statement made. On this basis alone, Mr. Sinai's request for relief should be denied.

Even if such a statement was made, the Court did not prejudge the Mr. Sinai's defense. The Court gave him every opportunity to present whatever case he wanted to present even though the instant action is an *in rem* action only. Towards the end of the hearing, the Court had an exchange with Mr. Sinai. That exchange involved the Court reaffirming that this hearing was his chance to present all the arguments he wanted to present. The Court point blank asked Mr. Sinai if he had said all that he wanted to say to ensure that he had a full and fair

7

opportunity to present whatever defense he wanted to present. Mr. Sinai confirmed in open court that he had presented all of his arguments.

There is simply no basis for relief under Rule 60(b).

For the reasons stated hereby, Mr. Sinai's Motion for New Trial under Rule 59 and, in the alternative, Motion for Relief from judgment under Rule 60(b) be and hereby is DENIED.

So ordered this day of July 21, 2026.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:     *Counsel via File & ServeXpress*

8